K.C. KERN, Charles Hadaway, Jim Steward, Warren Evans, Bernard McCormick, Charles Miller, Sharon Persinger, Jerry Higgins, Vickie Pool, Kathryn Alcock, and William Bougher, Plaintiffs,

v.

The RETIREMENT PLAN FOR EMPLOYEES OF L.B.R., INC., RETIREMENT TRUST, L.B.R., Inc., Renner's Express, Inc., McCready and Keene, Inc., Bank One, Indianapolis, N.A., Trustee for the Retirement Plan for Employees of Renner's Express, Inc., Retirement Trust, Lewis B. Renner, Trustee, Ronald E. Renner, Trustee, William A. Avenger, Trustee, and Aetna Life Insurance Company, Defendants.

No. IP 89–551–C.

United States District Court,
S.D. Indiana,
Indianapolis Division.

Nov. 28, 1990.

Richard L. Brown, Butler Brown & Blythe, Indianapolis, Ind., for plaintiffs.

Alan I. Klineman, Klineman Rose Wolf & Wallack, Indianapolis, Ind., for defendants Lewis B. Renner, Ronald E. Renner, Renner's Exp. Inc., L.B.R., Inc. and The Retirement Plan.

Michael E. Brown, Kightlinger & Gray, Indianapolis, Ind., and James A. Hargrove,

Lisa A. Hausten, Sidney & Austin, Chicago, Ill., for defendant Aetna Life Ins. Co.

Keith A. Kinney, Hill Fulwider McDowell Funk & Matthews, P.C., Indianapolis, Ind., for defendant McCready and Keene, Inc.

## ORDER ON CROSS–MOTIONS FOR SUMMARY JUDGMENT

McKINNEY, District Judge.

This cause comes before the Court on cross-motions for summary judgment. The issues raised have been briefed and are ready for resolution. For the reasons set forth, the plaintiffs' motion for summary judgement is DENIED, and defendants', the Retirement Plan for Employees of L.B.R., Inc., L.B.R., Inc., Renner's Express, Inc., Lewis B. Renner, Ronald E. Renner, and William Avenger, cross-motion for summary judgment is GRANTED. Defendant, McCready and Keene, Inc's. separate motion for summary judgment is GRANTED. Lastly, defendants', the Retirement Plan for Employees of L.B.R., Inc., L.B.R., Inc., Renner's Express, Inc., Lewis B. Renner, Ronald E. Renner, and William Avenger, motion for entry of an order striking the affidavits of Steven A. Barrett need not be addressed. The Court orders that judgment be entered against the plaintiffs, and in favor of defendants.

## I. FACTUAL AND PROCEDURAL BACKGROUND [1]

Plaintiffs assert that they did not receive the proper retirement benefits when their employer terminated its retirement plan. The material facts are not disputed by the parties. Plaintiffs are employees or former employees of Renner's Express, Inc. ("Renner's"), or L.B.R., Inc. ("LBR"). Since 1956, the employees of Renner's have been covered by a benefit plan (the "Plan"). The Plan is a defined benefit plan within the meaning of the Employee Retirement Income Security Act ("ERISA") § 3(5), 29 U.S.C. § 1001 et seq., and the plaintiffs are participants in the Plan within the meaning of ERISA § 3(7). In 1976, the portion of

1. The material facts relied upon are determined to be admissible under the Federal Rules of Evidence.

the plan covering the plaintiffs was restated as the "Renner's Express, Inc. Retirement Income Trust." In August, 1983, LBR acquired Renner's. Although Renner's continued to operate in its own name, on November 4, 1984, the Plan was amended to substitute LBR as Plan Administrator and Employer on behalf of Renner's. At the same time, the Plan was renamed the Retirement Plan for Employees of LBR.

At all relevant times the Plan provided that employees were entitled to full retirement benefits upon the attainment of age 65. The Plan also provided that an employee could receive retirement benefits prior to age 65 if the employee had 10 years of credited service and had reached the age of 55. If an employee elected to take a retirement benefit prior to age 65, the amount of the early retirement benefit was actuarially reduced pursuant to factors set forth in the Plan for each year that the benefit was paid out prior to age 65. Both the normal and the early retirement benefits were payable in the form of a single life annuity.

Effective January 1, 1984, Amendment No. 8 was adopted which amended the definition of Normal Retirement Age (§ 1.07) to provide that a participant could retire at age 65 or when the participant's age plus years of credited service equalled or exceeded 90 (the "Rule of 90"). In either case the participant would receive his vested accrued benefit without any actuarial reduction.

In June, 1985, Amendment No. 10 was adopted, effective retroactive to January 1, 1984, which transferred the Rule of 90 benefit from § 1.07 to the "Early Retirement" § 2.02. Amendment No. 10 further amended § 3.05, "Amount of Annuity at Early Retirement," to provide that a participant who satisfied the requirements for the Rule of 90 benefit would not have his retirement benefit actuarially reduced to account for the earlier annuity date, as is the case for the other early retirement benefit; a participant qualifying for and electing the Rule of 90 benefit would receive his vested accrued benefits as if he had reached 65.

In December, 1986, Amendment No. 13 was adopted, effective retroactive to January 1, 1986, which provided that a participant who was to receive a retirement benefit could elect to receive such benefit is a single lump sum, rather than as an annuity paid out over the employee's lifetime. Amendment 13 set forth actuarial assumptions by which the benefit in the form of a life annuity is converted into a single lump sum.

Renner's encountered severe financial difficulties and ceased doing business on or about October 25, 1985. Approximately 75 of the 87 non-union employees separated from service at that time, effecting a partial termination of the Plan.

At the time of their termination, plaintiffs Hadaway and McCormick both were considered to have satisfied the Rule of 90 because of the number of years of service they had completed before their termination. Their benefits were calculated as if they had satisfied the requirements for normal retirement through the Rule of 90 even though neither had attained the age of 65. The other plaintiffs who had separated from service in 1985 were under age 55 and had not completed enough years of credited service to qualify for any early retirement benefits, including the Rule of 90 benefit. All plaintiffs were given the option, and in fact elected, to receive an immediate termination benefit paid in the form of a lump sum. The calculation of each participant's benefit was performed by McCready & Keene, Inc., a benefit's consulting firm. Plaintiffs assert that they have not received the proper retirement benefits under the Plan.

On July 17, 1990, the plaintiffs filed a motion for summary judgment. Their second amended brief in support of their motion for summary judgment was filed on August 23, 1990. Defendants, the Retirement Plan for Employees of L.B.R., Inc., L.B.R., Inc., Renner's Express, Inc., Lewis B. Renner, Ronald E. Renner, and William Avenger, filed a response to the plaintiffs' motion for summary judgment and a cross-motion for summary judgment on October 3, 1990. Defendants' cross-motion for sum-

mary judgment tenders for determination, the identical issues presented in the plaintiffs' summary judgment motion. Plaintiffs filed their response on November 8, 1990. Defendant, McCready and Keene, Inc., filed a separate motion for summary judgment on November 15, 1990. Lastly, defendants, the Retirement Plan for Employees of L.B.R., Inc., L.B.R., Inc., Renner's Express, Inc., Lewis B. Renner, Ronald E. Renner, and William Avenger, moved the Court for entry of an order striking the affidavits of Steven A. Barrett.

## II. SUMMARY JUDGMENT STANDARDS

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Further, Rule 56(e) provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Since the Supreme Court's trilogy of decisions on summary judgment, *see Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); and *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986), it is clear that the mandatory aspects of Rule 56 must be followed by the district courts, and, as a result, summary judgment must be entered where appropriate. Decisions of the Seventh Circuit reflect this change in attitude. *See,* *e.g., Herman v. City of Chicago,* 870 F.2d 400, 404 (7th Cir.1989); *Spellman v. Commissioner,* 845 F.2d 148, 152 (7th Cir.1988); *Collins v. Associated Pathologists, Ltd.,* 844 F.2d 473 (7th Cir.), *cert. denied,* 488 U.S. 852, 109 S.Ct. 137, 102 L.Ed.2d 110 (1988).

## III. DISCUSSION

Plaintiffs have brought this action to recover retirement benefits allegedly owed. The plaintiffs assert that they have not received full benefits because, in calculating the retirement benefits, the defendants allegedly failed to:

1. correctly determine the normal retirement date under the Plan by failing to calculate the appropriate years of service; and

2. utilize the correct interest rate in calculating the present value of benefits due.

■ To understand the reasoning of relevant case law, it is necessary to briefly review the purpose of ERISA. ERISA was designed to "strike a balance between the need to protect employees and the need to encourage employers to establish pension plans." H.R.Rep. 807, 93d Cong., 2d Sess., U.S.Code Cong. & Admin.News 1974, p. 4639. Accordingly, ERISA does not prescribe what benefits employers must grant their employees, but it does require that employers honor benefits that employees have accrued. "ERISA was enacted for the purpose of assuring employees that they would not be deprived of their reasonably-anticipated pension benefits; an employer was to be prevented from 'pulling the rug out from under' promised retirement benefits upon which [its] employees had relied during their long years of service." *Amato v. Western Union International, Inc.,* 773 F.2d 1402, 1409 (2d Cir. 1985), *cert. denied,* 474 U.S. 1113, 106 S.Ct. 1167, 89 L.Ed.2d 288 (1986). The difficulty is in determining whether a prospective amendment removes benefits already accrued by the employee, or whether the prospective amendment is an allowable modification.

## A. Normal Retirement Date

■ Plaintiffs assert that the normal retirement date was incorrectly calculated. Their argument distills down to that the defendants incorrectly calculated the years of service portion of the Rule of 90. The Rule of 90 states that a participant can retire when the participant's age plus years of credited service equalled or exceeded 90 without an actuarially reduced retirement benefit.

The application of the Rule of 90 upon termination of the Plan is susceptible to three interpretations. First, it could be argued that a participant's age and years of service must sum up to 90 at the date of termination of the Plan for the provision to be applicable. Second, the Rule of 90 could be interpreted to mean that a member's age continues to accrue even though his years of service have ended. Third, the Rule of 90 could be applied such that both the age and years of service continue to accrue after the Plan is terminated. If the first interpretation is utilized, none of the plaintiffs satisfy the Rule of 90. If the second reading is used, two plaintiffs meet the Rule, and if the third interpretation is applied, all the plaintiffs are under the Rule. The plaintiffs argue that the third interpretation is correct, and the defendants argue that the second interpretation is correct.

The following example illustrates the distinction between the two interpretations. An employee begins his employment at age 25 and works ten years prior to termination of the Plan. Pursuant to the plaintiffs' theory, the employee would be entitled to benefits beginning at age 58, because at age 58, the sum of his years of service (33) and his age (58) would be greater than or equal 90. Under the defendants' theory, the employee would not be eligible before he turned 65 because his age plus his ten years of service would not equal 90.

First, the language of the Plan itself, ERISA, and congressional intent all indicate that only years of service actually worked are counted under the Rule of 90. Section 1.01(a) of the Plan defines "service" as "employment as employee of the Employer." Section 1.01(b) of the Plan defines a "year of service" as "a twelve-month Computation Period in which the employee completes 1,000 hours of Service." In section 202(a)(3)(A) of ERISA "year of service" is defined as "a 12-month period during which the employee has not less than 1,000 hours of service." Additionally, the Senate Finance Report to the Tax Reform Act of 1986 explicitly states:

> The committee intends that a participant's "earliest retirement age" should be determined by taking into account only the participant's actual years of service at the time of the participant's separation from service or death. Thus, in the case of a plan under which participants may not receive a benefit under the plan until the participant attains age 65, or upon the attainment of age 55 and completion of 10 years of service, the earliest retirement age of a participant who died or separated from service with only 8 years of service would be age 65.

S.Rep. No. 99–313, 99th Cong., 2d Sess., 1097 (1986).

Second, the case law, while not exactly on all fours, indicates that anticipated years of service should not be credited to the employee under the Rule of 90. Because no Seventh Circuit cases are on point the Court gives "respectful consideration" to the decisions of other circuits. *Colby v. J.C. Penney Co., Inc.*, 811 F.2d 1119, 1123 (7th Cir.1987); *Richards v. Local 134, Int'l Brotherhood of Electrical Workers*, 790 F.2d 633, 636 (7th Cir.1986). In *Blessitt v. Retirement Plan For Employees of Dixie Engine Co.*, 848 F.2d 1164 (11th Cir.1988), the Eleventh Circuit addressed the issue of whether anticipated years of service should be used to calculated the amount of retirement benefits. The Eleventh Circuit stated:

> We conclude that when a plan terminates, ERISA does not require that employees receive the normal retirement benefit they would have received had they continued to work to normal retirement age. In other words, ERISA does not require that employees receive a benefit which is calculated on the basis of

anticipated future years of service which have not actually been worked as of the termination date. As applied to this case, the employees were entitled to receive upon plan termination only the benefit provided for under the plan—*i.e.* a benefit calculated on the basis of their actual years of service as of the termination date.

*Id.* at 1165. While certainly the calculation of how much the benefit will be and the starting time for the benefits are two distinct calculations, the Court has not determined, and the plaintiff has not presented, a policy reason for considering years not worked for one and not the other. Additionally, in a calculation considering the time value of money, the time of payment and the amount of payment are intertwined.

Plaintiff relies extensively on *Amato v. Western Union International, Inc.,* 773 F.2d 1402 (2d Cir.1985), *cert. denied,* 474 U.S. 1113, 106 S.Ct. 1167, 89 L.Ed.2d 288 (1986). The plaintiff argues that *Amato* requires payment of early retirement benefits even if those benefits were not accrued at the time of termination. However, *Amato* does not concern amendment of a benefit based on an employee's future years of service. In *Amato,* the plan was amended to eliminate certain early retirement benefits even if such benefits were already accrued. The Second Circuit stated, "Since almost all of the plaintiffs-appellants had been employed by Western Union for [the requisite years of service] prior to the amendment of its Plan they could look forward to receiving upon early retirement benefits under the [early retirement provisions]." *Id.* at 1405. Implicitly, if the plaintiffs had not been employed the requisite number of years before the plan was amended, they could not rely on the early retirement provision. In other words, their benefits had not accrued. Certainly, the above quotation makes no sense if the participants could count years of service after modification of the plan.

Recently, the Supreme Court addressed the reasoning of *Amato* in *Mead Corp. v. Tilley,* 490 U.S. 714, 109 S.Ct. 2156, 104 L.Ed.2d 796 (1989). In *Mead Corp.,* the

plaintiffs did not meet the age and service requirements for unreduced early retirement benefits. Nevertheless, the plaintiffs claimed they were entitled to such benefits. The Supreme Court held that they were not. Although the holding is limited, it is important that the Supreme Court did not allow the years of service to accrue after termination in order to create an entitlement. *See also Phillips v. Amoco Oil Co.,* 614 F.Supp. 694, 716 (N.D.Ala.1985), *aff'd,* 799 F.2d 1464 (11th Cir.1986), *cert. denied,* 481 U.S. 1016, 107 S.Ct. 1893, 95 L.Ed.2d 500 (1987) ("*[I]f* a plan provides early retirement benefits, an employee who has satisfied plan requirements as to years of service shall be entitled to receive an actuarially reduced benefit upon reaching the early retirement age specified in the plan.... Moreover, even if an employer does provide early retirement benefits, [ERISA] itself does not confer upon plan participants any substantive right to continued employment in order to meet service requirements and quality for early retirement benefits under the terms of the particular plan.") (emphasis in original).

Plaintiffs argue that the defendants should not be able to defeat their reasonably anticipated pension benefits. Although this statement is generally true, the courts consider only accrued benefits to be reasonably anticipated. "[A]n employee is entitled to expect that early retirement provisions in a plan will not be deleted by amendment shortly before the employee qualifies. However, he can reasonably expect to receive benefits under those provisions only to the extent he earns them through actual—not anticipated—years of service." *Blessitt,* 848 F.2d at 1174 n. 22.

In summary, the language of the Plan itself, ERISA, congressional intent, and relevant case law all indicate that only years of service actually worked are counted under the Rule of 90. Thus, the defendants correctly determined the normal retirement age of each of the plaintiffs, and plaintiffs' motion for summary judgment on this issue is denied.

794

## B. Interest Rate

 Plaintiffs next contend that the defendants used an incorrect interest rate in determining the lump sum benefits. The plaintiffs argue that Amendment No. 13 changed the Plan's actuarial assumptions. However, their argument is without merit.

The Plan included no provisions for large lump sum benefits until Amendment No. 13. Prior to Amendment No. 13, section 3.02 of the Plan allowed for small lump sum payments. Small was defined to be less than $100.00 per month. Because Amendment No. 13 added an entirely new benefit, the defendants were entitled to use any interest rate in determining the benefit, so long as the interest rate did not exceed the maximum permitted by the Internal Revenue Code. The defendants chose to use the same interest rate as it would have used for small lump sum payments. Because Amendment No. 13 created a new benefit, the defendants were entitled to, and were in fact required to, specify the interest rate to be utilized. 26 U.S.C. § 401(a)(25). Thus, the plaintiffs' motion for summary judgment on this issue is denied.

## IV. CONCLUSION

In summary, the Court holds that the language of the Plan itself, ERISA, congressional intent, and analogous case law all indicate that only years of service actually worked are counted under the Rule of 90. Thus, the defendants correctly determined the normal retirement age of each of the plaintiffs. Also, the defendants were entitled to specify the interest rate to be utilized. Therefore, the plaintiffs' motion for summary judgment is DENIED, and defendants', the Retirement Plan for Employees of L.B.R., Inc., L.B.R., Inc., Renner's Express, Inc., Lewis B. Renner, Ronald E. Renner, and William Avenger, cross-motion for summary judgment is GRANTED. Defendant, McCready and Keene, Inc's. separate motion for summary judgment is GRANTED. Lastly, defendants', the Retirement Plan for Employees of L.B.R., Inc., L.B.R., Inc., Renner's Express, Inc., Lewis B. Renner, Ronald E. Renner,

and William Avenger, motion for entry of an order striking the affidavits of Steven A. Barrett need not be addressed because these affidavits were not relied upon in reaching this decision. The Court orders that judgment be entered against the plaintiffs, and in favor of defendants. Plaintiffs take nothing by way of their complaint. This action is dismissed with prejudice.

IT IS SO ORDERED.